STAPLETON, Respondent, v. METROPOL-ITAN ST. RY CO., Appellant. (Supreme Court, Appellate Division, First Department. November 17, 1899.) Action by Joseph A. Stapleton against the Metropolitan Street-Railway Company. No opinion. Motion denied.

In re STARK MACHINE & TOOL CO. (Supreme Court, Appellate Division, Fourth Department. June, 1899.) In the matter of the voluntary dissolution of the Stark Machine & Tool Company. No opinion. Motion denied, with $10 costs.

STEELE, Respondent, v. CARVER, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 6, 1899.) Action by Lydia L. Steele against William H. Carver. No opinon. Order affirmed, with $10 costs and disbursements.

STEELE, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. December 28, 1899.) Action by Thomas C. Steele against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed. Henry A. Robinson, for appellant. Reed & Hatting, for respondent.

PER CURIAM. Judgment affirmed, with costs.

LEVENTRITT, J., takes no part.

STEWART, Respondent, v. PUTNAM, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 6, 1899.) Action by Allen T. Stewart against Arthur W. Putnam. No opinion. Judgment affirmed, with costs.

STILSON, Appellant, v. STILSON, Respondent. (Supreme Court, Appellate Division, Fourth Department. December 6, 1899.) Action by Henry H. Stilson against Emily Stilson.

PER CURIAM. Judgment reversed, and the order of reference vacated, and a new trial ordered before a jury, upon issues to be framed by the special term, to which court the case is remitted. Costs of this appeal are not allowed either party. Held, that the exceptions to the admission of evidence present prejudicial error.

STOWASSER, Respondent, v. SHERMAN OUTFITTING CO., Appellant. (Supreme Court, Appellate Division, First Department. December 15, 1899.) Action by Gussie Stowasser against the Sherman Outfitting Company. Greenbaum, for appellant. O. Horwitz, for respondent. No opinion. Judgment and order affirmed, with costs.

SULLIVAN, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. December 8, 1899.) Action by Timothy J. Sullivan against the Metropolitan Street-Railway Company. T. P. Wickes, for appellant. C. F. Burns, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

SULLIVAN, Appellant, v. TRADERS' INS. CO. OF CHICAGO, Respondent. (Supreme Court, Appellate Division, Fourth Department. November 28, 1899.) Action by Julia Sullivan against the Traders' Insurance Company of Chicago. No opinion. Judgment affirmed, with costs.

SUPREME LODGE, KNIGHTS OF HONOR, Appellant, v. WATTERSON et al., Respondents. (Supreme Court, Appellate Division, Second Department. December 19, 1899.) Action by the Supreme Lodge, Knights of Honor, against Margaret Watterson and Emily Hunter. No opinion. Appeal dismissed by consent.

SWIFT, Appellant, v. TOUSLEY et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. June, 1899.) Action by Harry E. Swift against Guy Tousley and others. No opinion. Judgment and order affirmed, with costs. Held, that the complaint in justice's court stated a cause of action for negligence, and not upon contract, and that, therefore, a body execution was properly issued.

In re TALMAGE et al. (Supreme Court, Appellate Division, First Department. December 8, 1899.) In the matter of John F. Talmage and another. H. M. Hitchings, for appellant. T. G. Strong, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

TARRYTOWN, W. P. & M. RY. CO., Respondent, v. NEW YORK, W. & C. TRACTION CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 19, 1899.) Action by the Tarrytown, White Plains & Mamaroneck Railway Company against the New York, Westchester & Connecticut Traction Company.

PER CURIAM. We have recently decided, in the cases of Dusenberry v. This Defendant, 61 N. Y. Supp. 420, and Village of Bronxville v. Same, Id. 719, that the duty lies on the railroad company of showing affirmatively that it has the necessary consents of property owners to constitute a valid franchise for the construction of its railroad in the street. The plaintiff in this case entirely fails to sustain that burden, and, while it is true the defendant may have no right in the street, as on these papers the plaintiff appears equally without right, the latter is in no condition to ask for affirmative relief in its behalf. For this reason the order appealed from should be reversed, and injunction dissolved, with $10 costs and disbursements to abide the event of the action.